UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GODSPOWER CHIDIADI EGBUFOR,

                Petitioner,                       MEMORANDUM AND ORDER

   -against-                                      13 CV 4663 (ILG)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x
GLASSER, United States District Judge:

      On June 1, 2011, the petitioner pled guilty to Counts One and Seven of a Fourth Superceding Seven Count Indictment. Count One charged him with conspiring with others to commit wire fraud. Count Seven charged him with identity theft committed during and in relation to the wire fraud charged in Count One. In his plea agreement, he stipulated to a Guideline level of 28 which, with his criminal history category of 1, yielded a sentencing range of 78-97 months to be followed by a consecutive mandatory 24 month sentence on Count Seven. He was sentenced on December 19, 2011, to a term of imprisonment of 84 months on Count One and consecutive 24 months on Count Seven for a total of 108 months. He was directed to make restitution in the amount of $1,741,822.38. He was represented by Peter J. Schaffer, Esq. at his plea and sentencing. In his plea agreement, he stipulated to the estimated Guideline calculation and waived his right to appeal his sentence if not imposed higher than 132 months and waived his right to "file an appeal, or otherwise challenge his conviction pursuant to 28 U.S.C. § 2255." At both his plea and sentence, he acknowledged, when asked by the Court, that he was satisfied with the representation he was receiving from his lawyer. Egbufor appealed his sentence which the Circuit Court dismissed and his petition for a writ of

certiorari was denied by the Supreme Court.

His knowing and voluntary waiver notwithstanding, Egbufor petitioned this Court pursuant to 28 U.S.C. § 2255, for an Order that would vacate, correct or set aside his sentence and conviction on the ground that he received ineffective assistance of counsel during the plea bargaining process and at sentencing. In accordance with Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998), the Court invited defense counsel to respond to the allegation against him in person, by affidavit or briefs. Counsel responded by affidavit. The government responded by letter dated September 20, 2013, with the plea agreement and transcripts of the proceedings at which he pleaded guilty and was sentenced attached.

A reading of those three attachments, without more, would compel the dismissal of this petition. That his waivers of his right to appeal and petition pursuant to 28 U.S.C. § 2255 were knowing and voluntary was explicitly elicited from him by the Court. That he was under oath when he agreed to waive those rights didn't deter him from asserting them and committing perjury by doing so. A dismissal bottomed upon that record alone without a single reference to the law would suffice. It would be superfluous to cite authority for the principle that a knowing and voluntary waiver of those rights is enforceable. The care taken by the Court to assure that the petitioner understood what he was surrendering and was doing so voluntarily would be a meaningless charade if permitted to be ignored, would mock the solemnity of an oath and tolerate perjury.

Little can be added to the thorough government's opposition to this petition which I incorporate here in its entirety for to reiterate what is written there would be an exercise in plagiarism.

As for Egbufor's claim of ineffective assistance of counsel, the prerequisites for a meaningful claim of that allegation have been stated in the literally thousands of cases citing Strickland v. Washington, 466 U.S. 668 (1984).  Counsel's conduct here was not ineffective at all.  His affidavit, supported by the government's submissions, belies the allegation that counsel rendered ineffective assistance during the plea and sentencing phases of the case.  Egbufor awakened to that claim after his appeal was dismissed and certiorari was denied.  During those proceedings, when asked by the Court, he stated that he was satisfied with the representation Mr. Schaffer was providing.  His representation did not in the least undermine the adversarial process which produced an indisputable just result.

I cannot resist quoting Egbufor in his statement in mitigation of sentence: "Your Honor, I just want to apologize to the Court . . . for my action against the United States. I want to apologize to my victims, the people that were involved, and my actions."  His confession of guilt and the baseless allegations of this petition call to mind Judge Friendly's critique of these petitions in Is Innocence Irrelevant?  Collateral Attack on Criminal Judgments.  38 U. Chi. L. Rev. 142 (1970).

This petition is dismissed.

SO ORDERED.

Dated:    Brooklyn, New York
          September 27, 2013

                                        _____s/_____
                                        I. Leo Glasser

3